IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SOURCING MANAGEMENT, INC.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-2552-L** |
| | § | |
| **SIMCLAR, INC., CONCURRENT MANUFACTURING SOLUTIONS, LLC, BALMORAL FUNDS, LLC and JANE DOES 1-10**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On July 16, 2014, Plaintiff, Sourcing Management, Inc. ("Plaintiff"), filed this action against Defendants asserting various state law claims, including violations of the Texas Uniform Fraudulent Transfer Act, Tex. Bus. & Com. Code § 24.00 et seq. *See* Compl. (Doc. 1). Plaintiff, a Texas corporation with a principal place of business in Rockwall, Texas (*see id.* ¶ 2), asserted that the court had federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). *Id.* ¶ 6. On April 30, 2015, as part of its independent duty to determine it has subject matter jurisdiction over a case, the court entered an order detailing the numerous deficiencies in the complaint's jurisdictional allegations regarding, among other things, the citizenship of several parties. *See* Order (Doc. 25). Rather than dismiss the case for want of subject matter jurisdiction, the court allowed Plaintiff leave to file an amended pleading curing the deficiencies. For the reasons that follow, the court concludes that Plaintiff has failed to cure the pleading deficiencies.

I. **Factual Background and Procedural History**

In its April 30, 2015 Order, the court first set forth the applicable law pertaining to subject matter jurisdiction based on diversity of citizenship as follows:

> A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).
>
> A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).
>
> Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).
>
> A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residence' are not synonymous." *Parker v.*

*Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

Order at 2-3.

After analyzing the jurisdictional allegations in the original complaint (Doc. 1), the court found that:

In addition to failing to affirmatively allege diversity of citizenship, Plaintiff's Complaint fails to set forth the necessary allegations to establish each Defendant's citizenship. Specifically, Plaintiff fails to list or state the citizenship of each of the members of Defendants Balmoral Funds, LLC and Concurrent Manufacturing Solutions, LLC. *See* Compl. ¶¶ 4,5. Further, Plaintiff fails to allege Defendant Simclar, Inc.'s principal place of business. *See id.* ¶ 3. Finally, nowhere in the Complaint does Plaintiff make a distinct or affirmative statement that establishes the citizenship of Jane Does 1-10.

Order at 3-4.[*] To ensure it had jurisdiction to hear this case alleging violations of state law, the court allowed Plaintiff until May 8, 2015, to file an amended complaint to cure the pleading defects and stated that failure to cure the defects could result in "dismissal for lack of subject matter jurisdiction." *Id.* at 4.

---

[*] The court also noted: "Plaintiff alleges that the amount in controversy 'exceeds $75,000, exclusive of interest, costs and attorney's fees.' Title 28 U.S.C. § 1332(a)(1) provides that the matter in controversy must 'exceed the sum or value of $75,000, *exclusive of interest and costs*,' but does not mention attorney's fees." Order at 2 n.1.

**Memorandum Opinion and Order - Page 3**

Plaintiff filed its First Amended Complaint on May 8, 2015. *See* First Am. Compl. (Doc. 26). Having examined the amended pleadings, the court determines that serious deficiencies remain. While Plaintiff has sufficiently alleged the citizenship of the corporate entities, significant gaps remain in the jurisdictional allegations concerning the citizenship of Defendants Concurrent Manufacturing Company, LLC ("Concurrent"), Balmoral Funds, LLC ("Balmoral"), and Jane Does 1-10.

## II. Analysis

Defendants Concurrent and Balmoral are limited liability companies. *See* First Am. Compl. ¶¶ 4, 5. As such, the citizenship of each is defined, as a matter of law, by the citizenship of all of the members of each, respectively. *See Harvey*, 542 F.3d at 1080. Defendants Jane Does 1-10 are natural persons, and therefore each is considered a citizen of the state where she is domiciled, that is, where she has a fixed residence with the intent to remain there indefinitely. *See Freeman*, 754 F.2d at 555-56. The court addresses the amended jurisdictional allegations as to each Defendant.

### A. Concurrent

Plaintiff alleges Concurrent is a Delaware limited liability company with a principal place of business in Hialeah, Florida. *See* First Am. Compl. ¶ 5. In its original complaint, as pointed out by the court in its April 30, 2015 Order, "Plaintiff fail[ed] to list or state the citizenship of each of the members of . . . Concurrent[.]" Order at 3-4. In its First Amended Complaint, in attempting to cure the noted deficiency, Plaintiff lists Concurrent's members as follows:

Balmoral Special Situation Funds II, LLP
a Delaware limited partnership
11150 Santa Monica Blvd., Suite 825
Los Angeles, CA 90025
Attn: Jonathan Victor

Mark G. Allen
4670 Links Village Drive, Unit C-202
Ponce Inlet, Florida 32127

Evans Commercial Properties, LLC
Attn: Thomas E. Evans

Benjamin A. Teno
Per address on employment records of Concurrent Manufacturing Solutions, LLC

IRA Services Trust Company CFBO
Benjamin A. Teno
P.O. Box 7080
San Carlos, CA 94070

Nathan W. Whipple
Per address on employment records of Concurrent Manufacturing Solutions, LLC

Richard Trevino
Per address on employment records of Concurrent Manufacturing Solutions, LLC

Edwin Negron-Carballo
Per address on employment records of Concurrent Manufacturing Solutions, LLC

IRA Services Trust Company CFBO
Edwin Negron-Carballo
P.O. Box 7080
San Carlos, CA 94070

IRA Services Trust Company CFBO
William E. Stanfill
P.O. Box 7080
San Carlos, CA 94070

First Am. Compl. ¶ 5. After setting forth this list, Plaintiff alleges that "[n]one of the members are citizens of the State of Texas." *Id.* For the reasons that follow, the court finds that numerous gaps remain in Plaintiff's allegations regarding the citizenship of Concurrent and concludes that Plaintiff's amended pleadings regarding Concurrent fail to cure the deficiencies noted by the court in its April 30, 2015 Order.

**Memorandum Opinion and Order - Page 5**

With regard to Balmoral Special Situations Funds II, LLP ("Balmoral LLP"), a limited liability partnership, Plaintiff fails to allege the names or citizenship of each partner (general or limited) of the limited partnership. *See Carden*, 494 U.S. at 195-96 (holding that a partnership's citizenship is determined by the citizenship of each of its partners). These bare bones allegations are insufficient as a matter of law. *Getty Oil*, 841 F.2d at 1259 ("[W]hen jurisdiction depends on diversity of citizenship, citizenship must be *distinctly* and *affirmatively* alleged.") (original emphasis) (internal quotation marks and citation omitted). Further, on the face of the pleadings, these allegations do not negate the possibility that any of Balmoral LLP's limited or general partners may be citizens of Texas, thereby destroying diversity of citizenship.

With regard to Evans Commercial Properties, LLC ("Evans"), Plaintiff fails to allege the names or citizenship of any of its members. *See Harvey*, 542 F.3d at 1080 (The citizenship of a limited liability company "is determined by the citizenship of all of its members.") (citations omitted). Again, these allegations, like those pertaining to Balmoral LLP, are insufficient as a matter of law and do not negate the possibility that any of Evans's members may be citizens of Texas.

With regard to IRA Services Trust Company CFBO, the court cannot discern from the pleadings whether this defendant is a trust or a community and faith-based organization. Assuming it is a trust, Plaintiff fails to allege the existence of a trustee or the citizenship of the trustee. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (citation omitted) (holding that the citizenship of a trust is that of its trustee). Assuming it is a community and faith-based organization, that is, an unincorporated association, Plaintiff fails to allege the citizenship of its members. *See Carden*, 494 U.S. at 195-96 (holding that the citizenship of an unincorporated association is defined by the

**Memorandum Opinion and Order - Page 6**

citizenship of all of its members). These allegations, like the allegations concerning Balmoral LLP and Evans, are insufficient as a matter of law and do not negate the possibility that the trustee (or members) of IRA Services Trust Company CFBO may be citizens of Texas.

With regard to the alleged individual members of Concurrent — Mark G. Allen, Nathan W. Whipple, Benjamin A. Teno, Richard Trevino, and Edwin Negron-Carballo — Plaintiff fails to make any allegations regarding these individuals' citizenship. *See Freeman*, 754 F.2d at 555-56 (holding that a natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely). As to Mark G. Allen, although Plaintiff alleges an address at 4670 Links Village Drive, Unit C-202, Ponce Inlet, Florida 32127, the court is left to guess whether this is an allegation regarding Mr. Allen's residence, or his domicile. "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston*, 485 F.3d at 799 (citation and quotation marks omitted); *Neeley v. Bankers Trust Co.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985) (citation omitted) ( holding that an "allegation of residency . . . does not satisfy the requirement of an allegation of citizenship."). Again, the court is left with no way to determine where each individual is domiciled, leaving open the possibility that one or more of the alleged individual members of Concurrent may be domiciled in Texas, and therefore a Texas citizen for purposes of the court's jurisdictional analysis.

Finally, Plaintiff now alleges that "[n]one of the members are citizens of the State of Texas." First Am. Compl. ¶ 5. The Fifth Circuit has made clear that similar allegations that a defendant is "not" a citizen of a certain state fail to establish diversity for citizenship purposes. *See Getty Oil*, 841 F.2d at 1259 (holding that allegation that defendant was *not* a citizen of particular states did not establish citizenship for diversity purposes, "since citizenship must be *distinctly* and *affirmatively*

**Memorandum Opinion and Order - Page 7**

alleged.") (original emphasis) (internal quotation marks and citations omitted); *see also Illinois Cent. Gulf R.R. Co.*, 706 F.2d at 636 & n.2 (holding that the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference).

### B. Balmoral

Plaintiff alleges Balmoral is a California limited liability company having a principal place of business in Los Angeles, California. *See* First Am. Compl. ¶ 4. In its original complaint, as pointed out by the court in its April 30, 2015 Order, "Plaintiff fail[ed] to list or state the citizenship of each of the members of Balmoral[.]" Order at 3-4. In its First Amended Complaint, in attempting to cure the noted deficiency, Plaintiff alleges that "[n]one of the members of Balmoral Funds, LLC are citizens of the State of Texas. See Brief in Support of Motion to Dismiss, page 2, paragraph 2." First Am. Compl. ¶ 4. Defendants, in the referenced brief, state that "[n]one of [Balmoral's] members are from Texas." Defs.' Brief 2 (Doc. 14). These allegations are deficient on two levels. First, Plaintiff fails to allege the names or citizenship of Balmoral's members that are required as a matter of law to plead the citizenship of a limited liability company. *See Harvey*, *supra*. Second, incorporation by reference from another party's legal brief will not do, especially when that party failed to identify and allege the citizenship of each member of the limited liability company. As already stated, the law of the Fifth Circuit is clear that "when jurisdiction depends on diversity of citizenship, citizenship must be *distinctly* and *affirmatively* alleged." *Getty Oil*, *supra*; *see also Illinois Cent. Gulf R.R. Co.*, *supra*.

### C.     Jane Does 1-10

Finally, with regard to Jane Does 1-10, the court noted that Plaintiff, in its initial complaint, failed to "make a distinct or affirmative statement that establish[ed] the citizenship of Jane Does 1-10." Order at 4.  In its amended pleadings, in an attempt to cure this deficiency, Plaintiff alleges that "Jane Does 1-10 are not citizens of the State of Texas."  First Am. Compl. ¶ 6.  To reiterate, an allegation that a particular defendant is *not* a citizen of a certain state is not a "distinct and affirmative" allegation establishing the citizenship of that defendant.  *See Getty Oil*, *supra*; *see also Philadelphia Indem. Ins. Co. v. Episcopal Diocese of Ft. Worth*, 2011 WL 3510848, at *2 (N.D. Tex. Aug. 10, 2011) (Fitzwater, C.J.) (citing *Getty Oil*, 841 F.2d at 1259) ("It is improper to allege diversity of citizenship without distinctly and affirmatively alleging the citizenship of each party.").

### III.    Conclusion

For the reasons detailed above, the allegations in the First Amended Complaint regarding citizenship of the members of Balmoral and Concurrent, and of Jane Does 1-10, fall woefully short of establishing diversity of citizenship and fail to cure the pleading deficiencies noted by the court in its April 30, 2015 Order.  The court could have dismissed this civil action for lack of subject matter jurisdiction on the face of the original pleadings but took the more prudent approach to allow Plaintiff an opportunity to cure jurisdictional defects.  The jurisdictional defects remain.  Moreover, Plaintiff did not seek an extension of time to obtain necessary information or request jurisdictional discovery to penetrate the various organizational layers of limited liability companies Balmoral and Concurrent, or to determine the domicile of Jane Does 1-10, all of which is critical information to establish complete diversity of citizenship in this case.

"Federal courts are courts of limited jurisdiction. [A court] must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916. Because the court must presume this suit lies outside its jurisdiction, and Plaintiff has still failed to plead and set forth distinctly and affirmatively the basis for which complete diversity of citizenship exists between the parties, it has not satisfied its burden that the court has subject matter jurisdiction over this matter. Accordingly, this court lacks subject matter over this action and **dismisses** this action **without prejudice** for lack of subject matter jurisdiction.

It is so **ordered** this **12th day** of **May, 2015.**

_____
Sam A. Lindsay
United States District Judge